UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

**Kristin M. Welte,**                                               Civil No. 10-4264 (SRN/JJG)

        **Petitioner,**

**v.**                                                                         **REPORT AND RECOMMENDATION**

**Warden Nicole C. English,**

        **Respondent.**

_____

JEANNE J. GRAHAM, United States Magistrate Judge

    This case is before the undersigned United States Magistrate Judge on Kristin M. Welte's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied as moot.

**I.     INTRODUCTION**

    Petitioner Kristin M. Welte is currently on supervised release for two years, after serving a 25-month sentence, imposed by the Honorable Karl S. Forester of the United States District Court, Eastern District of Kentucky, for Aiding and Abetting Bank Robbery, in violation of 18 U.S.C. §§ 2 and 2113(a). While serving her sentence at the Federal Correctional Institution in Waseca, Minnesota ("FCI Waseca"), Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2241 in the District of Minnesota. Petitioner requests that credit for time spent in state custody be applied against her federal sentence through a *nunc pro tunc*

designation. (Doc. No. 1.) Specifically, Petitioner claims she was denied proper credit toward her current federal prison sentence for time that she was in state custody on a separate matter before she entered federal prison. On July 26, 2011, while this petition was pending, Petitioner was released via good conduct time release from FCI Waseca. (Federal Bureau of Prisons – Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp). Once Petitioner was released from FCI Waseca, she began a two-year period of supervised release.

## II.  DISCUSSION

Petitioner requests that credit for time she served in state custody be applied toward her federal prison sentence, therefore changing her release date of July 26, 2011, to an earlier time. However, Petitioner has already been released from federal custody. To apply for a writ of habeas corpus under § 2241, the applicant must be "in custody." Courts have liberally construed "custody" to include not only incarceration, but also other significant restraints on personal liberty. *See Mun. Court v. Lydon,* 466 U.S. 294, 300-01 (1984). Accordingly, a writ of habeas corpus does not automatically become moot when a petitioner is released from custody. *See, e.g., Wottlin v. Fleming,* 136 F.3d 1032, 1034 n.1 (5th Cir. 1998). The "in custody" requirement of § 2241 is satisfied as long as the petitioner was incarcerated at the time the petition was filed. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Petitioner properly filed her habeas corpus petition while she was incarcerated at FCI Waseca. Therefore the "in custody" requirement of § 2241 is satisfied.

The more substantial issue is whether Petitioner's release from custody to a period of supervised release caused the petition to become moot, because it no longer presents a case or controversy under Article III, § 2, of the United States Constitution. Article III, § 2, of the Constitution allows federal courts to adjudicate only actual, ongoing cases or controversies.

*See Ams. United for Separation of Church & State v. Prison Fellowship Ministries,* 509 F.3d 406, 420-21 (8th Cir. 2007) (citing *Haden v. Pelofsky,* 212 F.3d 466, 469 (8th Cir. 2000)); *see also Potter v. Norwest Mtg., Inc.,* 329 F.3d 608, 611 (8th Cir. 2003).  Furthermore, the case or controversy requirement exists "through all stages of federal judicial proceedings, trial and appellate," and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." *Potter*, 329 F.3d at 611 (citations and internal quotations omitted).

Once Petitioner was released from custody, she was subject to a two-year period of supervised release.  The United States Supreme Court addressed whether being released from prison into a term of supervised release renders a motion for post-conviction proceedings moot in *United States v. Johnson,* 529 U.S. 53 (2000).  Relying on a textual reading of 18 U.S.C. § 3624(e), the Court held that supervised release begins when the prisoner is released from prison, and excess prison time served cannot offset a term of supervised release. *Id.* at 54-59*; see James v. Outlaw*, 142 Fed. App'x 274 (8th Cir. 2005).  The Court found that supervised release is imposed distinctly from imprisonment; therefore, "supervised release has no statutory function until confinement ends." *Johnson,* 529 U.S. at 59.  The Court explained that "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id.* The goals of supervised release would be undermined by shortening an offender's period of supervised release based on extra time served. *Id.* at 55.

Here, Petitioner was released from prison to a period of supervised release while her petition was pending.  The credit she seeks would have no effect on her current term of supervised release.  Therefore, the petition is moot.

### III. RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. No. 1) be **DENIED AS MOOT** and that **JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 16, 2011

       s/ *Jeanne J. Graham*
       JEANNE J. GRAHAM
       United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by December 1, 2011. Any party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of any hearing unless the parties stipulate that the district judge is not required to review a transcript or if the district judge directs otherwise.